# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SARAH CARRASCO, BAR NO. 8017.

No. 71490

FILED

MAR 10 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sarah Carrasco. Under the agreement, Carrasco admitted that she violated RPC 1.3 (diligence) by failing to advance a client's position in litigation for at least a year and failing to perform the work for which she was retained by another client, RPC 1.4 (communication) by failing to communicate with a client despite repeated inquiries from the client seeking information about his case, RPC 1.15 (safekeeping property) by failing to promptly provide an accounting and refund unearned fees after a client terminated her representation, and RPC 8.1(b) (bar admission and disciplinary matters) by failing to respond to the State Bar's inquiries into grievances submitted by two clients. Carrasco agreed to a 6-month suspension, to pay the actual costs of the disciplinary proceedings plus $2,500, and to obtain a mentor for one year if she returns to practice as a sole practitioner.

Based on our review of the record and weighing "the duty violated, [Carrasco's] mental state, the potential or actual injury caused by

17-8181

[Carrasco's] misconduct, and the existence of aggravating or mitigating factors," *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). In particular, Carrasco knowingly violated duties owed to her clients and to the profession resulting in actual or potential injury to both. Absent aggravating and mitigating circumstances, suspension is the baseline sanction for the most serious misconduct in this matter—the violations of RPC 8.1(b).[1] Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar. Ass'n 2015) (suspension is baseline sanction for knowingly failing to cooperate with a disciplinary investigation); *see also id.* at 452 ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."). The record supports two aggravating circumstances (pattern of misconduct and multiple offenses) and four mitigating circumstances (absence of a dishonest or selfish motive, personal or emotional problems, timely good faith effort to make restitution or to rectify consequences of misconduct, and remorse). The

---

[1]This case does not present the kind of egregious circumstances in which disbarment would be the baseline sanction. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.1 (Am. Bar. Ass'n 2015) (providing that disbarment is baseline sanction for knowingly failing to cooperate with a disciplinary investigation with "intent to obtain a benefit for the lawyer"); Annotated Standards for Imposing Lawyer Sanctions 349 (Am. Bar. Ass'n 2015) (collecting cases indicating that disbarment based on failure to cooperate usually involves prior similar violations, significant violations of other rules, or a clear intent to frustrate and delay the disciplinary proceedings).

mitigating circumstances are compelling, particularly the personal problems that Carrasco experienced during the relevant time and the fact that Carrasco had not misappropriated the clients' funds and had refunded the clients' fees in full before the formal hearing. Considering all of these circumstances, the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Sarah Carrasco from the practice of law in Nevada for a period of 6 months commencing from the date of this order. If Carrasco returns to the practice of law as a sole practitioner following the suspension, she shall obtain a mentor for a period of one year. Additionally, Carrasco shall pay the actual costs of the disciplinary hearing plus $2,500, within 30 days from the date of this order or of receipt of the State Bar's bill of costs, whichever is later. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

(O) 1947A

cc: Chair, Northern Nevada Disciplinary Board
Sarah V. Carrasco
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A